## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.K., | : | CIVIL ACTION NO. 1:05-CV-1114 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN YORK COUNTY | : | |
| SCHOOL DISTRICT, | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 13th day of March, 2006, upon consideration of defendant's

motion to dismiss (Doc. 6) plaintiff's claims, brought pursuant to the Individuals

with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1491o, the Americans

with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, the Rehabilitation Act of

1973 ("Rehabilitation Act"), 29 U.S.C. § 790–794e, the Civil Rights Act of 1964, 42

U.S.C. §§ 1981–1996(b), and the Equal Protection and Due Process Clauses of the

U.S. Constitution, arguing that plaintiff has not exhausted IDEA administrative

remedies,[1] that the IDEA claims were not filed within the limitations period, and

that relief is not available under the Equal Protection or Due Process Clauses, and

it appearing that the complaint requests relief for which the exhaustion of

---

[1] Although the motion is titled as one brought under Federal Rule of Civil Procedure 12(b)(6), in the context of an IDEA claim the exhaustion of administrative remedies is a jurisdictional matter. See W.B. v. Matula, 67 F.3d 484, 493 (3d Cir. 1995). Accordingly, the appropriate device is a motion pursuant to Rule 12(b)(1). See FED. R. CIV. P. 12(b)(1) (providing for dismissal of complaint where court lacks subject matter jurisdiction); see also Falzett v. Pocono Mtn. Sch. Dist., 150 F. Supp. 2d 699, 701 & n.2 (M.D. Pa. 2001).

administrative remedies is not required,[2] see 20 U.S.C. § 1415(f) (stating that

exhaustion of available administrative remedies is required "before the filing of a

civil action . . . seeking relief that is also available under" the IDEA); W.B. v. Matula,

67 F.3d 484, 495-96 (3d Cir. 1995) (holding that compensatory damages are not

available under the IDEA, and hence exhaustion of administrative remedies is not

required); see also C.M. v. Bd. of Educ. of Union County Reg'l High Sch. Dist., 128

F. App'x 876, 880 & n.2 (3d Cir. 2005) (stating that compensatory and punitive

damages are available in § 1983 suits brought to enforce IDEA), that ADA and

Rehabilitation Act claims are not subject to the exhaustion requirement, see Jeremy

H. by Hunter v. Mtn. Laurel Sch. Dist., 95 F.3d 727, 281-82 & n. 17 (3d Cir. 1996)

(holding that § 12132 of the ADA and § 504 of the Rehabilitation Act "are not . . .

subject to any exhaustion requirements"); see also Smith v. City of Phila., 345 F.

---

[2] The court is unpersuaded by defendant's attempt to classify plaintiff's request for "costs of private evaluations" (Doc. 1 at 19) as a request for "education expenses" subject to IDEA exhaustion requirements (Doc. 7 at 5). As clearly set forth in the complaint, the relief requested is for evaluations related solely to "the preparation and prosecution of [the instant] litigation." (Doc. 1 at 19.) Nor is the court persuaded by defendant's citation to Lindsley ex rel. Kolodziejczak v. Girard Sch. Dist., 213 F. Supp. 2d 523 (W.D. Pa. 2002) for the proposition that, under the IDEA, exhaustion is required "even when an action is brought solely for monetary damages." (Doc. 7 at 6.) That case is not binding and, in any event, has been distinguished by the same court in a case more analogous to the one sub judice. See Hicks ex rel. Hicks v. Purchase Line Sch. Dist., 251 F. Supp. 2d 1250, 1253 (W.D. Pa. 2003) (distinguishing Lindsley as a case requiring exhaustion prior to implementing § 1983 because administrative remedies were still available). Compare id. (holding that exhaustion is not required where the plaintiff "has graduated from the district and is seeking retrospective relief only in the form of money damages") with (Doc. 1 at 1, 19 (averring that plaintiff is a graduate of defendant school district and seeks only money damages).)

Supp. 2d 482, 487 n.1 (E.D. Pa. 2004) (same), that the instant suit was commenced

within the applicable limitations period (see Doc. 1 at 1), see Wilson v. Garcia, 471

U.S. 261, 266-67 (1985) (stating that, although IDEA does not contain statute of

limitations, court must look to law of state); Jeremy H. v. Mount Lebanon Sch. Dist.,

95 F.3d 272, 280-81 (3d Cir. 1996) (reviewing state statutes and holding that two year

limitations period for IDEA claims is appropriate); Susavage v. Bucks County Sch.

Intermediate Unit, No. 99-CV-6217, 2002 WL 109615, at *22-23 (E.D. Pa. Jan. 22,

2002) (holding that IDEA limitations period is tolled until plaintiff obtains age of

eighteen); Andrew P. v. Bucks County Intermediate Unit, No. 99-CV-5255, 2001 WL

1716993, at *4 n.7 (E.D. Pa. Dec. 10, 2001) (same); McKellar v. Commonwealth of

Pennsylvania Dep't of Educ., No. 98-CV-4161, 1999 WL 124381, at *4 (E.D. Pa. Feb.

23, 1999) (same); Jeffrey Y. v. St. Mary's Area Sch. Dist., 967 F. Supp. 852, 855 (W.D.

Pa. 1997) (same); see also Carver v. Foerster, 102 F.3d 96, 101 n. 3 (3d Cir. 1996)

(holding that two-year limitations period is reasonable for § 1983 claim), and that

plaintiff is not pursuing Due Process or Equal Protection Clause claims[3] (see Doc.

11 at 12), see Spence v. Straw, 54 F.3d 196, 202-03 (3d Cir. 1995) (affirming dismissal

of equal protection and due process claims as "the Rehabilitation Act provides the

exclusive means by which a litigant may raise claims of discrimination on the basis

---

[3] The complaint avers that "[d]efendant's actions and inactions violate . . . the Due Process and Equal Protection Clauses of the United States Constitution." (Doc. 1 ¶ B.) However, these claims are not set forth in the complaint as separate causes of action (see Doc. 1 at 17-18) and, in any event, plaintiff has stated in his brief in opposition that he is not proceeding under such theories (see Doc. 11 at 12).

of handicap), it is hereby ORDERED that the motion to dismiss (Doc. 6) is

DENIED.


  /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge